IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BUCKEYE INTERNATIONAL, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCHMIDT CUSTOM FLOORS, INC., ) <br> ) <br> Serve: ) <br> Schmidt Custom Floors, Inc. ) <br> c/o Robert H. Schmidt, Registered Agent ) <br> N8W22590 Johnson Dr. ) <br> Waukesha, WI 53186-1661 ) <br> ) <br> ) <br> Defendant. ) | Cause No. |

## Complaint

Plaintiff Buckeye International, Inc., for its complaint against Defendants Schmidt Custom Floors, Inc. alleges:

### Introduction

1. Schmidt Floors has actively engaged in a campaign to damage the business interests and business reputation of Buckeye, in violation of federal and state law.

2. Schmidt Floors' campaign includes intentionally and maliciously defaming Buckeye by publishing false statements on the internet, including YouTube videos, a Google review, and Facebook and LinkedIn postings, and by repeatedly sending false communications directly to users of Buckeye's products in an effort to save its own reputation and damage Buckeye by misrepresenting the nature, characteristics, and qualities of Buckeye's products.

3. Schmidt Floors' objectives in waging its campaign are to (a) force Buckeye to incur substantial costs to repair and replace hardwood sport-court floors that Schmidt Floors refinished using defective techniques, including omitting material steps in the refinishing process

and cutting other corners to save Schmidt Floors money, allowing Schmidt Floors to underbid its competitors, and (b) to damage the business interests and business reputation of Buckeye.

4. In waging its campaign, Schmidt Floors has conspired with others to damage the business interests and business reputation of Buckeye.

5. Buckeye seeks injunctive relief to prevent Schmidt Floors and all those in active concert or participation with it from continuing its campaign and to minimize further damage to Buckeye, and damages for Schmidt Floors' tortious conduct and statutory violations.

## Parties

6. At all material times, Buckeye was and is a Missouri corporation in good standing with its principal office at 2700 Wagner Place, Maryland Heights, in St. Louis County, Missouri.

7. At all material times, Schmidt Floors was and is a citizen of the State of Wisconsin, being incorporated in Wisconsin, and having its principal place of business in Wisconsin.

## Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this case arises under the laws of the United States, and under 28 U.S.C. §1332 in that complete diversity of citizenship exists and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) in that (1) Schmidt Floors "resides" in the Western District of Wisconsin for purposes of 28 U.S.C. §§1391(c)(2) and 1391(d), and (2) a substantial portion of the events or omissions giving rise to the claim occurred in the Western District of Wisconsin.

## Factual Background

10. At all material times, Buckeye was and is engaged in the business of researching, developing, manufacturing, selling and distributing janitorial supply and maintenance products for commercial applications. Buckeye distributes its products throughout the United States and in various countries around the world.

11. Buckeye sells its products through both company-owned distributors and independent distributors.

### Buckeye's Reflections® Wood Floor Program

12. Buckeye's products and programs include its Reflections® Wood Floor Program. Buckeye's Reflections® program includes products specifically-designed for the finishing and refinishing of hardwood sport courts such as basketball courts and gymnasiums.

13. Buckeye's Reflections® program is well-known in the flooring industry and recognized as an industry leader for its quality and durability, and for its labor-saving application methods.

14. Buckeye's Reflections® program covers the proper techniques for applying both oil- and water-based wood floor coatings including recommended product coverage, dry times, cure times, recoat windows, and more. Buckeye provides to the users of Reflections® training on a variety of preparation methods to ensure the proper application and use of Buckeye's Reflections® products.

15. Buckeye has invested substantial time, effort, and money in researching, testing, and developing Reflections® products and methods.

16. Users of Buckeye's Reflections® program include Division I, II, and III colleges and universities, high schools, grade schools, and recreation centers throughout North America.

### Schmidt Floors

17. Schmidt Floors is a flooring installer and refinisher. For decades, Schmidt has primarily been a residential floor company that installs many varieties of flooring, including carpet, vinyl, hardwood, tile, and laminate flooring.

18. In or about 2011, Schmidt Floors purchased an athletic flooring company called Jason Thomas Flooring, of which Jason Heiman was a principal. Heiman then became an employee of Schmidt Floors.

19. After that purchase, Schmidt Floors has held itself out as experienced in athletic-hardwood flooring.

20. Schmidt Floors does business primarily in the Milwaukee, Wisconsin area.

21. Schmidt Floors' customers include various colleges, high schools, grade schools, and recreation centers in the greater Milwaukee, Wisconsin area.

22. Schmidt Floors does not purchase products directly from Buckeye but instead purchases Buckeye products exclusively from an independent distributor, San-A-Care, Inc.

### San-A-Care

23. San-A-Care sells janitorial supply and maintenance products of various manufacturers, including Buckeye's Reflections® program and products and the full line of Buckeye janitorial supply and maintenance products.

24. San-A-Care is the exclusive distributor of Buckeye's products in the greater Milwaukee, Wisconsin area.

25. Schmidt Floors applies the Buckeye Reflections® products it purchases from San-A-Care on the floors of its various college-, high school-, grade school-, and recreation center-customers.

26. Those same college-, high school-, grade school-, and recreation center-customers of Schmidt Floors also purchase—from San-A-Care—substantial quantities of Buckeye's janitorial supply and maintenance products. Schmidt Floors, and in particular its Sport Flooring Division Manager Jason Heiman, are aware of this fact.

### The Campaign and Conspiracy of Schmidt Floors and Others to Damage Buckeye

27. Schmidt Floors has waged the conspiracy and campaign with others against Buckeye not only to damage Buckeye's Reflections® program and business but also to damage Buckeye's janitorial supply and maintenance business. More specifically, one of the objects of Schmidt Floors' conspiracy and campaign is to so damage Buckeye's reputation that the college-, high school-, grade school-, and recreation center-customers of Schmidt Floors stop purchasing Buckeye's janitorial supply and maintenance products.

28. Schmidt Floors' co-conspirators include the friends and colleagues of Jason Heiman at the college-, high school-, grade school-, and recreation center-customers of Schmidt Floors with whom Schmidt Floors has conspired with the goal of causing those customers to stop purchasing Buckeye's janitorial supply and maintenance products.

29. As noted, Buckeye's Reflections® program and products have been used successfully throughout North America.

30. However, a significant number of customers of Schmidt Floors have experienced peeling of the laminate surfaces that Schmidt Floors has applied to their floors.

31. Schmidt Floors has blamed Buckeye's Reflections® products for the peeling of its customers' floors.

32. Other users of Buckeye's Reflections® products throughout North America have not experienced the peeling that Schmidt Floors' customers have.

33. While environmental and climate factors can affect the application of wood-flooring products, Buckeye's Reflections® products have been applied to floors in places with similar environments and climates, successfully and without the peeling experienced by Schmidt Floors' customers.

34. When Schmidt Floors first brought the peeling issues to Buckeye's attention, Buckeye agreed as an interim accommodation to Schmidt Floors to pay to refinish some floors while Buckeye looked into the causes of the peeling. Buckeye declined to pay for further refinishing after determining that Buckeye's products were performing properly and that the peeling experienced by Schmidt Floors' customers was due to factors *unrelated* to Buckeye's products.

35. Upon information and belief, Schmidt Floors has taken shortcuts and otherwise failed to follow the proper installation and application techniques for Buckeye's Reflections® products; and, it is Schmidt Floors' shortcuts and failure to follow proper installation and application techniques that has caused the peeling experienced by Schmidt Floors' customers.

36. To shift attention from and responsibility for Schmidt Floors' shortcuts and failures to follow the proper installation and application techniques, and in an attempt to shield Schmidt Floors from liability, Schmidt Floors embarked upon its campaign and conspiracy to damage Buckeye.

37. Schmidt Floors' campaign includes making false and defamatory statements in:

    a. At least one Facebook post;

    b. Posting of YouTube videos;

    c. LinkedIn postings;

    d. An online Google review;

    e. Multiple emails to school districts;

    f. Multiple emails to trade associations; and

    g. Upon information and belief, multiple conversations with school district personnel and representatives of other users of Buckeye products.

See attached Exhibit A.

38. Schmidt Floors' knowingly false and defamatory statements include:

    a. That Buckeye has admitted that its Reflections® products are defective;

    b. That because of alleged product failures, Buckeye has "reformulated three times" Gym Bond, a Reflections® product;

    c. That Buckeye has "admitted" that its Reflections® products have caused peeling of the surfaces of Schmidt Floors' customers;

    d. That Buckeye agreed to pay for repairs for all of Schmidt Floors' customers;

    e. That Buckeye issued a procedure on how to "fix" the peeling issues; and

    f. That Buckeye is "broke".

See attached Exhibit A.

39. As a direct and proximate result of Schmidt Floors' false and defamatory statements, Buckeye has suffered irreparable damage to its reputation.

40. If Schmidt Floors and its co-conspirators are not enjoined, Buckeye will suffer irreparable harm.

## Count I – Violation of 15 U.S.C. § 1125(a)(1)(B)

41. Buckeye restates paragraphs 1 through 40.

42. Schmidt Floors purposefully published, communicated, and promoted to the public and to consumers using Buckeye products false and misleading information regarding Buckeye and Buckeye's products, as described above, in violation of 15 U.S. C. § 1125(a)(1)(B), and the harms Buckeye is suffering are within the zone of interests protected by that statute.

43. Schmidt Floors' false and misleading information misrepresent the nature, characteristics, and qualities of Buckeye's products and Buckeye's commercial activities.

44. Buckeye suffered damage and continues to suffer damage to its business and reputation as a proximate result of Schmidt Floors' false and misleading communications.

45. Buckeye is entitled to injunctive relief and monetary damages sustained as a proximate result of Schmidt Floors' actions, as well as its attorneys' fees and costs.

## Count II - Defamation

46. Buckeye restates paragraphs 1 through 45.

47. Schmidt Floors created, published, endorsed, and communicated defamatory statements about Buckeye and its Reflections® products, as set forth above.

48. The statements identified Buckeye and its Reflections® products.

49. The statements were false, defamatory, and not privileged.

50. Schmidt Floors knew its defamatory statements were false, was reckless and indifferent regarding the truth of its statements, and/or was negligent regarding the truth of its statements.

51. Buckeye suffered damage and continues to suffer damage as a direct and proximate result of Schmidt Floors' publication of false and defamatory statements.

52. Buckeye is further entitled to punitive damages.

### Count III – Injurious Falsehood

53. Buckeye restates paragraphs 1 through 52.

54. Schmidt Floors created, published, and endorsed defamatory statements about Buckeye and its Reflections® products, as set forth above.

55. The statements identified Buckeye and its Reflections® products.

56. The statements were false.

57. Schmidt Floors knew its defamatory statements were false, was reckless and indifferent regarding the truth of its statements, and/or was negligent regarding the truth of its statements.

58. Schmidt Floors intended for its statements to cause pecuniary harm to Buckeye, or should have recognized that publication of its false and defamatory statements would cause pecuniary harm to Buckeye.

59. Buckeye suffered damage and continues to suffer damage as a direct and proximate result of Schmidt Floors' publication of false and defamatory statements.

### Count IV – Tortious Interference with Business Relationships and Expectancies

60. Buckeye restates paragraphs 1 through 59.

61. Buckeye has valid, existing business relationships with current customers and a valid business expectancy of future business relationships with existing and new customers.

62. Schmidt Floors is aware that Buckeye has current business relationships with customers for its Reflections® products and other products.

63. Without justification, Schmidt Floors intentionally interfered with Buckeye's current and future business relationships by publishing false and defamatory statements about Buckeye and its Reflections® products.

64. Buckeye suffered damage and continues to suffer damage as a direct and proximate result of Schmidt Floors' interference.

### Count V – Tortious Interference with Contract

65. Buckeye restates paragraphs 1 through 64.

66. Buckeye has valid, existing contracts with customers for its Reflections® products and other products.

67. Schmidt Floors knew, was on inquiry notice, or should have known that Buckeye has valid existing contracts with customers for its Reflections® products and other products.

68. Without justification, Schmidt Floors intentionally interfered with Buckeye's contracts by publishing false and defamatory statements about Buckeye and its Reflections® products on social media accessible to anyone, anywhere.

69. Buckeye suffered damage and continues to suffer damage as a direct and proximate result of Schmidt Floors' interference.

### Count VI – Violation of W.S.A. § 134.01

70. Buckeye restates paragraphs 1 through 69.

71. Schmidt Floors and others agreed to act and did act in concert together for the purpose of willfully or maliciously injuring Buckeye's business and reputation by creating, publishing, and endorsing false and defamatory statements about Buckeye and it Reflections®, and seeking to cause end-users to discontinue using or purchasing Buckeye's products, in violation of W.S.A. 134.01.

72. Buckeye suffered and continues to suffer damage to its business and reputation as a direct and proximate result of Schmidt Floors and others' false and defamatory communications.

## Count VII – Declaratory Judgment

73. Buckeye restates paragraphs 1 through 72.

74. As set forth above, Schmidt Floors caused the floor-peeling and other issues its customers have experienced or are experiencing.

75. Buckeye's rights and legal relationships are affected by the actions of Schmidt Floors, and a ripe, justiciable controversy has arisen between Schmidt Floors and Buckeye.

76. Buckeye has no adequate remedy at law and has a legally protected pecuniary interest directly at issue and subject to immediate or prospective consequential relief.

77. Pursuant to 28 U.S.C. §2201, the Court should declare the rights and legal relations of the parties, and further declare that Buckeye is not liable to Schmidt Floors or its customers for damages, repair or refinishing costs, or other costs related to the peeling and other issues they have experienced or are experiencing.

WHEREFORE, Buckeye respectfully prays that the Court:

A. Enjoin Schmidt Floors and all those in active concert or participation with Schmidt Floors from further defaming and maligning Buckeye or Buckeye's products;

B. Award Buckeye actual damages incurred as a result of Defendants' actions;

C. Award Buckeye punitive damages;

D. Award Buckeye treble damages;

E. Award Buckeye its attorneys' fees, costs, and expenses incurred in this action;

F. Enter a declaratory judgment that Buckeye is not liable to Schmidt Floors and/or its customers for any damages, repair or refinishing costs, or other costs related to the peeling and other issues they have experienced or are experiencing; and

G. Grant Buckeye such other and further relief as the Court deems just and proper.

Dated: February 16, 2018

Respectfully submitted,

Von Briesen & Roper, s.c.

/s/ _____
Michael P. Crooks
Maria Sanders
10 East Doty Street, Suite 900
Madison, WI 53703
mcrooks@vonbriesen.com
msanders@vonbriesen.com

and

Of Counsel:

RUNNYMEDE law group

/s/   Stephen R. Clark
Stephen Robert Clark
*Pro Hac Vice* Application Forthcoming
7733 Forsyth Blvd., Suite 1100
St. Louis, Missouri 63105
Phone: (314) 814-8880
sclark@RunnymedeLaw.com

*Counsel for Plaintiff Buckeye International, Inc.*